

U.S. Department of Justice

*Joshua S. Levy*
*Acting United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

October 29, 2024

John Amabile
Amabile & Burkly PC
380 Pleasant Street
Brockton, MA 02301

    Re:    United States v. Junmyung Lee
             Criminal No. 24-CR-10035

Dear Attorney Amabile:

    The Acting United States Attorney for the District of Massachusetts (the "U.S. Attorney") and your client, Junmyung Lee ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

    1.    Change of Plea

    At the earliest practicable date, the Defendant will plead guilty to the following counts of the Indictment: Conspiracy to Persuade, Induce, Entice, and Coerce One or More Individuals to Travel in Interstate Commerce to Engage in Prostitution, in violation of 18 U.S.C. § 371 (Count One) and Money Laundering Conspiracy, in violation of 18 U.S.C. § 1956(h) (Count Two). Defendant admits that Defendant committed the crimes specified in these counts and is in fact guilty of each one.

    Defendant also agrees to waive venue, to waive any applicable statute of limitations, and to waive any legal or procedural defects in the Indictment.

    2.    Penalties

Defendant faces the following maximum penalties:

- Count One: incarceration for five years; supervised release for three years; a fine of $250,000 or twice the gain or loss, whichever is greater; a mandatory special assessment of $100; restitution; and forfeiture to the extent charged in the Indictment.

- Count Two: incarceration for twenty years; supervised release for three years; a fine of $500,000 or twice the value of the property involved in the transaction, whichever is greater; a mandatory special assessment of $100; and forfeiture to the extent charged in the Indictment.

Defendant understands that, if Defendant is not a United States citizen by birth, pleading guilty may affect Defendant's immigration status. Defendant agrees to plead guilty regardless of any potential immigration consequences, even if Defendant's plea results in being automatically removed from the United States.

Defendant understands and acknowledges that as a consequence of his convictions for certain of the crimes to which he is pleading guilty, he may be required to register as a sex offender, and to keep that registration current, in the place where he resides, where he is employed, and where he is a student, pursuant to the Sex Offender Registration and Notification Act, and the laws of the state of his residence. Failure to do so may violate the terms of his supervised release and subject him to new criminal charges pursuant to 18 U.S.C. § 2250.

3. Sentencing Guidelines

The parties agree, based on the following calculations, that Defendant's total "offense level" under the Guidelines is 18:

a) Defendant's base offense level is 14, because the defendant committed the underlying offense (Conspiracy to Persuade, Induce, Entice, Coerce One or More Individuals to Travel Interstate to Engage in Prostitution) and the offense level from which the laundered funds were derived can be determined (USSG §§ 2S1.1(a)(1) and 2G1.1(a));

b) Defendant's offense level is increased by 5, because if the prohibited conduct had been separate counts of conviction, the increase under USSG § 3D1.4 would have been more than 5 units, as there were more than 5 victims for which the offense level would have been equally serious (USSG § 2G1.1(d)(1));

c) Defendant's offense level is increased by 2, because Defendant conviction is under 18 U.S.C. § 1956 (USSG § 2S1.1(b)(2)(B)); and,

d) Defendant's offense level is decreased by 3, because Defendant has accepted responsibility for Defendant's crimes (USSG § 3E1.1).

The parties agree that, if (a) U.S. Probation determines that Defendant does not receive any criminal history points; and if (b) both U.S. Probation and the United States determine that Defendant otherwise meets the criteria in Guideline § 4C1.1, the United States will recommend that Defendant's offense level be reduced by two levels pursuant to § 4C1.1.

Defendant understands that the Court is not required to follow this calculation or even to sentence Defendant within the Guidelines and that Defendant may not withdraw Defendant's

2

guilty plea if Defendant disagrees with how the Court calculates the Guidelines or with the sentence the Court imposes.

Defendant also understands that the government will object to any reduction in Defendant's sentence based on acceptance of responsibility if: (a) at sentencing, Defendant (directly or through counsel) indicates that Defendant does not fully accept responsibility for having engaged in the conduct underlying each of the elements of the crimes to which Defendant is pleading guilty; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

If, after signing this Agreement, Defendant's criminal history score or Criminal History Category is reduced, the U.S. Attorney reserves the right to seek an upward departure under the Guidelines.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

4.  <u>Sentence Recommendation</u>

The U.S. Attorney agrees to recommend the following sentence to the Court:

   a) incarceration at the low end of the Guidelines sentencing range as calculated by the Court at sentencing, excluding departures;

   b) a fine within the Guidelines sentencing range as calculated by the Court at sentencing, excluding departures, unless the Court finds that Defendant is not able, and is not likely to become able, to pay a fine;

   c) 36 months of supervised release;

   d) a mandatory special assessment of $200, which Defendant must pay to the Clerk of the Court by the date of sentencing;

   e) restitution in an amount to be determined at sentencing pursuant to 18 U.S.C. § 2429; and

   f) forfeiture as set forth in Paragraph 6.

Defendant agrees that all criminal monetary penalties, including special assessment, restitution, forfeiture, and/or fine imposed shall be due and payable immediately, and further agrees that any Court-ordered repayment schedule does not preclude further enforcement or collection by the United States.

5.  <u>Waiver of Appellate Rights and Challenges to Conviction or Sentence</u>

Defendant has the right to challenge Defendant's conviction and sentence on "direct

3

appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that Defendant's conviction or sentence should be overturned.

Defendant understands that Defendant has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

a) Defendant will not challenge Defendant's <u>conviction</u> on direct appeal or in any other proceeding, including in a separate civil lawsuit; and

b) Defendant will not challenge Defendant's <u>sentence,</u> including any court orders related to forfeiture, restitution, fines or supervised release, on direct appeal or in any other proceeding, including in a separate civil lawsuit.

Defendant understands that, by agreeing to the above, Defendant is agreeing that Defendant's conviction and sentence will be final when the Court issues a written judgment after the sentencing hearing in this case. <u>That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge Defendant's conviction and sentence regardless of whether Defendant later changes Defendant's mind or finds new information that would have led Defendant not to agree to give up these rights in the first place.</u>

Defendant is agreeing to give up these rights at least partly in exchange for concessions the U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that Defendant's lawyer rendered ineffective assistance of counsel, or that the prosecutor or a member of law enforcement involved in the case engaged in misconduct serious enough to entitle Defendant to have Defendant's conviction or sentence overturned.

6. <u>Forfeiture</u>

Defendant understands that the Court will, upon acceptance of Defendant's guilty plea, enter an order of forfeiture as part of Defendant's sentence, and that the order of forfeiture may include assets directly traceable to Defendant's offense, assets used to facilitate Defendant's offense, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense.

The assets to be forfeited specifically include, without limitation, the following:

a. 2018 Chevy Corvette Grand bearing the VIN number 1G1YY2D73J5105000 seized from Junmyung Lee at 71 Legacy Blvd., Dedham, MA 02026 on or about November 8, 2023 or the sale proceeds thereof;

4

    b. $5,000 in United States currency seized from Junmyung Lee at 71 Legacy Blvd., Unit 207, Dedham, MA 02026 on or about November 8, 2023;

    c. $210 in United States currency seized from Junmyung Lee at 71 Legacy Blvd., Unit 207, Dedham, MA 02026 on or about November 8, 2023;

    d. $2,844.01 seized from Bank of America checking account ending in *5662 held in the name of Junmyung Lee seized on or about November 8, 2023;

    e. Three (3) Black Samsung mobile phones seized from Junmyung Lee at 71 Legacy Blvd., Unit 207, Dedham, Massachusetts 02026 on or about November 8, 2023;

    f. ~~Silver iPhone seized from Junmyung Lee at 71 Legacy Blvd., Unit 207, Dedham, Massachusetts 02026 on or about November 8, 2023;~~

    g. ~~Black Mobile flip phone seized from Junmyung Lee at 71 Legacy Blvd., Unit 207, Dedham, Massachusetts 02026 on or about November 8, 2023;~~

    h. ~~Alienware Desktop computer seized from Junmyung Lee at 71 Legacy Blvd., Apt. 207, Dedham, Massachusetts 02026 on or about November 8, 2023;~~

    i. ~~Macbook laptop computer seized from Junmyung Lee at 71 Legacy Blvd., Apt. 207, Dedham, Massachusetts 02026 on or about November 8, 2023;~~

    j. Black Samsung mobile phone SM-A205u seized from Junmyung Lee at 71 Legacy Blvd., Unit 207, Dedham, Massachusetts 02026 on or about November 8, 2023;

    k. Three (3) SIM cards seized from Junmyung Lee at 71 Legacy Blvd., Unit 207, Dedham, Massachusetts 02026 on or about November 8, 2023; and

    l. $200,000 in United States currency, to be entered in the form of an Order of Forfeiture (Money Judgment).

Defendant admits that these assets are subject to forfeiture on the grounds that they constitute, or are derived from, proceeds of Defendant's offense, they were used to facilitate Defendant's offense and/or they were involved in Defendant's offense. The government agrees to credit the net proceeds from the forfeiture of items a.-d., after the entry of final orders of forfeiture, toward the forfeiture money judgment.

Defendant also admits that $200,000 is subject to forfeiture on the grounds that it is equal to the amount of proceeds the defendant derived from the offense.

Defendant acknowledges and agrees that the amount of the forfeiture money judgment represents the amount of proceeds that the Defendant obtained (directly or indirectly), and/or facilitating property and/or property involved in, the crimes to which Defendant is pleading guilty

5

and that, due at least in part to the acts of Defendant, the proceeds or property have been transferred to, or deposited with, a third party, spent, cannot be located upon exercise of due diligence, placed beyond the jurisdiction of the Court, substantially diminished in value, or commingled with other property which cannot be divided without difficulty.  Accordingly, Defendant agrees that the United States is entitled to forfeit as "substitute assets" any other assets of Defendant up to the value of the now missing directly forfeitable assets.

Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.  Defendant understands and agrees that forfeiture shall not satisfy or affect any fine, lien, penalty, restitution, cost of imprisonment, tax liability or any other debt owed to the United States.

Defendant agrees to assist fully in the forfeiture of the foregoing assets.  Defendant agrees to promptly take all steps necessary to pass clear title to the forfeited assets to the United States, including but not limited to executing any and all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture.  Defendant further agrees (a) not to assist any third party in asserting a claim to the forfeited assets in an ancillary proceeding, and (b) to testify truthfully in any such proceeding.

If the U.S. Attorney requests, Defendant shall deliver to the U.S. Attorney within 30 days after signing this Plea Agreement a sworn financial statement disclosing all assets in which Defendant currently has any interest and all assets over which Defendant has exercised control, or has had any legal or beneficial interest.  Defendant further agrees to be deposed with respect to Defendant's assets at the request of the U.S. Attorney.  Defendant agrees that the United States Department of Probation may share any financial information about the Defendant with the United States Attorney's Office.

Defendant also agrees to waive all constitutional, legal, and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement.

Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, consents to the forfeiture of all such assets and waives all rights with respect to notice of such forfeiture.  Such assets include, without limitation, the following:

    a. The domain name https://bostontopten10[.]com seized on November 8, 2023;

    b. The domain name https://browneyesgirlsva[.]blog seized on November 8, 2023;

    c. $6,835 in United States currency seized at 90 Fawcett Street, Unit 530, Cambridge, Massachusetts 02138 on or about November 8, 2023;

    d. $2,150 in United States currency seized at 66 Bond Street, Unit 221, Watertown, Massachusetts 02472 on or about November 8, 2023;

    e. $1,650 in United States currency seized at 1500 Westbranch Drive, Unit 649, Tysons, Virginia, 22102 on or about November 8, 2023;

    f. $1,000 in United States currency seized at 2985 District Avenue, Unit 245, Fairfax, Virginia, 22031 on or about November 8, 2023;

    g. $2,942.02 seized from Bank of America checking account ending in *1170 held in the name of Y.K. seized on or about November 8, 2023;

    h. $516.37 seized from Bank of America savings account ending in *1183 held in the name of Y.K. seized on or about November 8, 2023;

    i. iPad with keyboard seized at 66 Bond Street, Unit 221, Watertown, Massachusetts 02472 on or about November 8, 2023;

    j. Purple iPhone seized at 66 Bond Street, Unit 221, Watertown, Massachusetts 02472 on or about November 8, 2023;

    k. Netgear router seized at 66 Bond Street, Unit 221, Watertown, Massachusetts 02472 on or about November 8, 2023; and

    l. Red Apple iPhone seized at 90 Fawcett Street, Unit 109, Cambridge, Massachusetts 02138 on or about November 8, 2023.

7.    Civil Liability

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to Defendant's criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement.

8.    Breach of Plea Agreement

Defendant understands that if Defendant breaches any provision of this Agreement, violates any condition of Defendant's pre-trial release or commits any crime following Defendant's execution of this Plea Agreement, Defendant cannot rely upon such conduct to withdraw Defendant's guilty plea. Defendant's conduct, however, would give the U.S. Attorney the right to be released from the U.S. Attorney's commitments under this Agreement, to pursue any charges that were, or are to be, dismissed under this Agreement, and to use against Defendant any of Defendant's statements, and any information or materials Defendant provided to the government during investigation or prosecution of Defendant's case—even if the parties had

entered any earlier written or oral agreements or understandings about this issue.

Defendant also understands that if Defendant breaches any provision of this Agreement or engages in any of the aforementioned conduct, Defendant thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

9. Who is Bound by Plea Agreement

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

10. Modifications to Plea Agreement

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

\* \* \*

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Lindsey E. Weinstein.

Sincerely,

JOSHUA S. LEVY
Acting United States Attorney

By: _____
ELIZABETH RILEY
Chief, Civil Rights and Human Trafficking Unit

_____
LINDSEY E. WEINSTEIN
Assistant U.S. Attorney

ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I have received no prior offers to resolve this case.

I understand the crimes I am pleading guilty to, and the maximum penalties for those crimes. I have discussed the Sentencing Guidelines with my lawyer, and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me, and we have had enough time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offenses. I believe this Agreement is in my best interest.

_____
Junmyung Lee
Defendant

Date: 10/30/24

I certify that Junmyung Lee has read this Agreement and that we have discussed what it means. I believe Junmyung Lee understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers regarding a change of plea in this case.

_____
John Amabile
Attorney for Defendant

Date: 10/30/24

9