UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.             )<br>)<br>(3) JUNMYUNG LEE,        )<br>)<br>Defendant.  ) | Criminal No. 24-CR-10035-JEK |

**UNITED STATES' MOTION FOR (1) ORDER OF FORFEITURE (MONEY JUDGMENT) AND (2) PRELIMINARY ORDER OF FORFEITURE**

The United States of America, by its attorney, Leah B. Foley, United States Attorney for the District of Massachusetts, respectfully moves this Court for the issuance of an Order of Forfeiture (Money Judgment) and a Preliminary Order of Forfeiture in the above-captioned case pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C § 2461(c), 18 U.S.C. § 982(a)(1) and Rule 32.2(b) of the Federal Rules of Criminal Procedure. Proposed Orders of Forfeiture are submitted herewith. In support thereof, the United States sets forth the following:

1. On February 1, 2024, a federal grand jury sitting in the District of Massachusetts returned a two-count Indictment, charging defendant Junmyung Lee (the "Defendant"), and others, with Conspiracy to Persuade, Induce, Entice, and Coerce One or More Individuals to Travel in Interstate or Foreign Commerce to Engage in Prostitution, in violation of 18 U.S.C. § 371 (Count One); and Money Laundering Conspiracy, in violation of 18 U.S.C. § 1956(h) (Count Two). *See* Docket No. 41.

2. The Indictment also included forfeiture allegations: (i) pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of the offense alleged in Count One of the Indictment of any property, real or personal, which constitutes or is derived from proceeds

traceable to the offense; and (ii) pursuant to 18 U.S.C. § 982(a)(1) upon conviction of the offense alleged in Count Two of any property, real or personal, involved in such offense, and any property traceable to such property.   Such property specifically included, without limitation:

    a. 2018 Chevy Corvette Grand bearing the VIN number 1G1YY2D73J5105000 seized from Junmyung Lee at 71 Legacy Blvd., Dedham, Massachusetts 02026 on or about November 8, 2023 or the sale proceeds thereof;

    b. $5,000 in United States currency seized from Junmyung Lee at 71 Legacy Blvd., Unit 207, Dedham, Massachusetts 02026 on or about November 8, 2023;

    c. $210 in United States currency seized from Junmyung Lee at 71 Legacy Blvd., Unit 207, Dedham, Massachusetts 02026 on or about November 8, 2023;

    d. $2,844.01 seized from Bank of America checking account ending in *5662 held in the name of Junmyung Lee seized on or about November 8, 2023;

    e. Three (3) Black Samsung mobile phones seized from Junmyung Lee at 71 Legacy Blvd., Unit 207, Dedham, Massachusetts 02026 on or about November 8, 2023;

    f. Black Samsung mobile phone SM-A205u seized from Junmyung Lee at 71 Legacy Blvd., Unit 207, Dedham, Massachusetts 02026 on or about November 8, 2023; and

    g. Three (3) SIM cards seized from Junmyung Lee at 71 Legacy Blvd., Unit 207, Dedham, Massachusetts 02026 on or about November 8, 2023;

(collectively, the "Properties").[1]

---

[1] The Indictment also lists certain electronics seized from Junmyung Lee at 71 Legacy Blvd., Apt. 207, Dedham, Massachusetts 02026 on or about November 8, 2023 including (a) silver iPhone, (b) black mobile flip phone, (c) Alienware desktop computer, and (d) Macbook laptop computer.   The United States is not seeking a preliminary order of forfeiture with respect to these electronics, which either have been or will be returned to the Defendant.   The other property listed in the forfeiture allegations of the Indictment are either the subject of the Preliminary Order of Forfeiture entered against co-defendant Han Lee (Doc. No. 162) or will be the subject of a motion for preliminary order of forfeiture filed against co-defendant James Lee prior to his sentencing.

3. The Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(b).

4. On October 30, 2024, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pleaded guilty to Counts One and Two of the Indictment pursuant to a written plea agreement that he signed on October 30, 2024. *See* Docket No. 19. In Section 7 of the plea agreement, the Defendant admitted that the Properties are subject to forfeiture because they constitute or are derived from, proceeds of the Defendant's offense, were used to facilitate the Defendant's offense, and/or they were involved in Defendant's offense charged in Count One and Two of the Indictment. *Id* at 4-5.

5. The Defendant also admitted in the written plea agreement that $200,000 is subject to forfeiture on the grounds it is equal to the amount of proceeds the Defendant derived from the offense. *Id* at 5.

## Money Judgment

6. Based on the Defendant's admissions in the written plea agreement and his guilty plea on October 30, 2024, the United States is entitled to an Order of Forfeiture consisting of a personal money judgment against the Defendant in the amount of $200,000, pursuant to 18 U.S.C.

§ 981(a)(1)(C) and 28 U.S.C § 2461(c) and 18 U.S.C. § 982(a)(1).[2] This amount represents proceeds that the Defendant derived from his offense.

7.  The entry of an Order of Forfeiture in the form of a personal money judgment is specifically authorized by Rule 32.2(b)(1) and (c)(1) of the Federal Rules of Criminal Procedure, and such orders of forfeiture are commonplace. *See, e.g.*, *United States v. Ponzo*, 853 F.3d 558, 589-90 (1st Cir. 2017) (criminal forfeiture order may take several forms, including an in personam judgment against defendant for amount of money defendant obtained as proceeds of offense); *United States v. Zorrilla-Echevarria*, 671 F.3d 1, 11 n.15 (1st Cir. 2011) ("A criminal forfeiture may take the form of either (1) 'an in personam judgment against the defendant for the amount of money the defendant obtained as proceeds of the offense,' (2) forfeiture of specific assets related to criminal activity, or (3) forfeiture of 'substitute assets' if the specific assets are unavailable.") (citation omitted); *United States v. Hall*, 434 F.3d 42, 59 (1st Cir. 2006) (same).

8.  Once the Order of Forfeiture is entered, the United States may move at any time, pursuant to Rule 32.2(e)(1)(B), to amend the Order to forfeit specific property of the Defendant, having a value up to the amount of the money judgment. *See See Zorrilla-Echevarria*, 671 F.3d at 11 n.15 ("[a] money judgment permits the government to collect on the forfeiture order … even if a defendant does not have sufficient funds to cover the forfeiture at the time of the conviction, the government may seize future assets to satisfy the order"); *United States v. Saccoccia*, 564 F.3d 502, 506-07 (1st Cir. 2009) (once government obtains money judgment, it may move at any time to forfeit direct or substitute assets in partial satisfaction of that judgment).

---

[2] The government will credit the net proceeds from the forfeiture of the Properties towards the forfeiture money judgment after the entry of final orders of forfeiture and disposal of the Properties.

9. Upon entry of the Order of Forfeiture, the United States may also, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, "conduct any discovery the court considers proper in identifying, locating or disposing of the property" that has been forfeited to the United States. Such discovery may include the taking of depositions of witnesses. *See* 21 U.S.C. § 853(m), as incorporated by 28 U.S.C. § 2461 and 18 U.S.C. § 982(b)(1); *see also United States v. Saccoccia*, 354 F.3d 9, 15 (1st Cir. 2003) ("the government may utilize its enforcement powers under [18 U.S.C. §] 1963(k) to 'trace' tainted funds"); *United States v. Saccoccia*, 898 F. Supp. 53, 60 (D.R.I. 1995) (the United States can take depositions of defense counsel to determine source of their fees for the purpose of locating a pool of assets controlled by defendant that is subject to forfeiture). In addition, the reference in Rule 32.2(b)(3) to "any discovery the court considers proper" necessarily permits the court to authorize discovery under the Federal Rules of Civil Procedure. Such discovery includes, but is not limited to, the authority to issue a request for documents to a party under Rule 34 and to a non-party under Rules 34(c) and 45.

## **Preliminary Order of Forfeiture**

10. In light of the Defendant's guilty plea and admissions in the plea agreement, the United States has established the requisite nexus between the Properties and the offenses to which the Defendant pled guilty. Accordingly, the Properties are subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(a)(1).

11. Pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), 18 U.S.C. § 982(a)(1), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Properties.

12. Upon the issuance of a Preliminary Order of Forfeiture and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), 18 U.S.C. § 982(a)(1) and Rule 32.2(b)(6)(C) of the

Federal Rules of Criminal Procedure, the United States shall publish, for thirty (30) consecutive calendar days on the government website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture, notice of the United States' intent to dispose of the Properties, and notice that any person, other than the Defendant, having or claiming a legal interest in the Properties, must file a petition with the Court within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier.

13.  This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Properties, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's claim and the relief sought and any additional facts supporting the petitioner's claim and the relief sought.

14.  The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the Properties, as a substitute for published notice as to those persons to be notified.

WHEREFORE, the United States requests that this Court:

(a)  enter the Order of Forfeiture (Money Judgment) in the form submitted herewith;

(b)  enter the Preliminary Order of Forfeiture in the form submitted herewith;

(c)  retain jurisdiction for the purpose of enforcing the Order of Forfeiture (Money Judgment) and the Preliminary Order of Forfeiture;

(d)  include the forfeiture, as set forth and in the Order of Forfeiture (Money Judgment) and the Preliminary Order of Forfeiture, in the oral pronouncement of the Defendant's sentence; and

(e)     incorporate the Order of Forfeiture (Money Judgment) and the Preliminary Order of Forfeiture in the criminal judgment entered against the Defendant, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4).

                                        Respectfully submitted,

                                        LEAH B. FOLEY
                                        United States Attorney

                                By:     /s/ Raquelle L. Kaye
                                        LINDSEY E. WEINSTEIN
                                        RAQUELLE L. KAYE
                                        Assistant United States Attorneys
                                        U.S. Attorney's Office
                                        1 Courthouse Way, Suite 9200
                                        Boston, MA 02210
                                        (617) 748-3100
Dated: April 8, 2025                    raquelle.kaye@usdoj.gov