UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 24-CR-10035-JEK |
| | ) |
| (3) JUNMYUNG LEE, | ) |
| | ) |
| Defendant. | ) |

**ORDER OF FORFEITURE (MONEY JUDGMENT)**

**KOBICK, D.J.**

WHEREAS, on February 1, 2024, a federal grand jury sitting in the District of Massachusetts returned a two-count Indictment, charging defendant Junmyung Lee (the "Defendant"), and others, with Conspiracy to Persuade, Induce, Entice, and Coerce One or More Individuals to Travel in Interstate or Foreign Commerce to Engage in Prostitution, in violation of 18 U.S.C. § 371 (Count One); and Money Laundering Conspiracy, in violation of 18 U.S.C. § 1956(h) (Count Two);

WHEREAS, the Indictment also included forfeiture allegations, (i) pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of the offense alleged in Count One of the Indictment of any property, real or personal, which constitutes or is derived from proceeds traceable to the offense; and (ii) pursuant to 18 U.S.C. § 982(a)(1) upon conviction of the offense alleged in Count Two of any property, real or personal, involved in such offense, and any property traceable to such property;

WHEREAS, the Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(b);

WHEREAS, on October 30, 2024, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One and Two of the Indictment, pursuant to a written plea agreement that the Defendant signed on October 30, 2024;

WHEREAS, in Section 7 of the plea agreement, the Defendant agreed to forfeit to the United States $200,000 on the grounds it is equal to the amount of proceeds the Defendant derived from the offenses as a result of the Defendant's guilty plea;

WHEREAS, based on the Defendant's admissions in the written plea agreement and his guilty plea on October 30, 2024, the United States is entitled to an Order of Forfeiture consisting of a personal money judgment against the Defendant in the amount of $200,000, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C § 2461(c) and 18 U.S.C. § 982(a)(1);

WHEREAS, the amount of $200,000 constitutes proceeds that the Defendant obtained as a result of violations of 18 U.S.C. § 371 and 18 U.S.C. § 1956(h); and

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1. The Defendant shall forfeit to the United States the sum of $200,000, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C § 2461(c) and 18 U.S.C. § 982(a)(1).

2. This Court shall retain jurisdiction in the case for the purpose of enforcing this

Order.

3. The United States may, at any time, move pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure to amend this Order to substitute property having a value not to exceed the amount set forth in Paragraph 1 to satisfy the money judgment in whole or in part.

4. The United States may conduct, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(b), any discovery to identify, locate or dispose of forfeitable property or substitute assets, including, but not limited to, depositions and requests for documents, electronically stored information, and tangible things.

5. Pursuant to Rule 32.2(b)(4), this Order shall be included in the sentence pronounced and imposed by the Court at the sentencing hearing, and in the criminal judgment entered by this Court against the Defendant.

Dated: _____

**JULIA E. KOBICK**
United States District Judge