UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 24-CR-10035-JEK |
| ) | |
| (3) JUNMYUNG LEE, ) | |
| ) | |
| Defendant. ) | |

**<u>PRELIMINARY ORDER OF FORFEITURE</u>**

**KOBICK, D.J.**

WHEREAS, on February 1, 2024, a federal grand jury sitting in the District of Massachusetts returned a two-count Indictment, charging defendant Junmyung Lee (the "Defendant"), and others, with Conspiracy to Persuade, Induce, Entice, and Coerce One or More Individuals to Travel in Interstate or Foreign Commerce to Engage in Prostitution, in violation of 18 U.S.C. § 371 (Count One); and Money Laundering Conspiracy, in violation of 18 U.S.C. § 1956(h) (Count Two);

WHEREAS, the Indictment also included forfeiture allegations, (i) pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of the offense alleged in Count One of the Indictment of any property, real or personal, which constitutes or is derived from proceeds traceable to the offense; and (ii) pursuant to 18 U.S.C. § 982(a)(1) upon conviction of the offense alleged in Count Two of any property, real or personal, involved in such offense, and any property traceable to such property;

WHEREAS, such property specifically included, without limitation:

    a. 2018 Chevy Corvette Grand bearing the VIN number 1G1YY2D73J5105000 seized from Junmyung Lee at 71 Legacy Blvd., Dedham, Massachusetts 02026 on or about November 8, 2023 or the sale proceeds thereof;

  b. $5,000 in United States currency seized from Junmyung Lee at 71 Legacy Blvd., Unit 207, Dedham, Massachusetts 02026 on or about November 8, 2023;

  c. $210 in United States currency seized from Junmyung Lee at 71 Legacy Blvd., Unit 207, Dedham, Massachusetts 02026 on or about November 8, 2023;

  d. $2,844.01 seized from Bank of America checking account ending in *5662 held in the name of Junmyung Lee seized on or about November 8, 2023;

  e. Three (3) Black Samsung mobile phones seized from Junmyung Lee at 71 Legacy Blvd., Unit 207, Dedham, Massachusetts 02026 on or about November 8, 2023;

  f. Black Samsung mobile phone SM-A205u seized from Junmyung Lee at 71 Legacy Blvd., Unit 207, Dedham, Massachusetts 02026 on or about November 8, 2023; and

  g. Three (3) SIM cards seized from Junmyung Lee at 71 Legacy Blvd., Unit 207, Dedham, Massachusetts 02026 on or about November 8, 2023;

(collectively, the "Properties"); [1] [2]

WHEREAS, the Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in

---

[1] The Indictment also lists certain electronics seized from Junmyung Lee at 71 Legacy Blvd., Apt. 207, Dedham, Massachusetts 02026 on or about November 8, 2023 including (a) silver iPhone, (b) black mobile flip phone, (c) Alienware desktop computer, and (d) Macbook laptop computer. The United States is not seeking a preliminary order of forfeiture with respect to these electronics, which either have been or will be returned to the Defendant. The other property listed in the forfeiture allegations of the Indictment are either the subject of the Preliminary Order of Forfeiture entered against co-defendant Han Lee (Doc. No. 162) or will be the subject of a motion for preliminary order of forfeiture filed against co-defendant James Lee prior to his sentencing.

[2] The government will credit the net proceeds from the forfeiture of the Properties towards the forfeiture money judgment after the entry of final orders of forfeiture and disposal of the Properties.

value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(b);

WHEREAS, on October 30, 2024, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One and Two of the Indictment, pursuant to a written plea agreement at he signed on October 30, 2024;

WHEREAS, in Section 7 of the plea agreement, the Defendant admitted that the Properties are subject to forfeiture because they constitute or are derived from, proceeds of the Defendant's offense, were used to facilitate the Defendant's offense, and/or they were involved in Defendant's offense charged in Count One and Two of the Indictment;

WHEREAS, in light of the Defendant's guilty plea and admissions in the plea agreement, the United States has established the requisite nexus between the Properties and the offenses to which the Defendant pled guilty, and, accordingly, the Properties are subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(a)(1);

WHEREAS, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), 18 U.S.C. § 982(a)(1) and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Properties.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED AND DECREED that:

1.      The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, that the United States has established the requisite nexus between the Properties and the offenses to which the Defendant pled guilty.

2.	The Court shall retain jurisdiction for purposes of enforcing this Order.

3.	Accordingly, all of Defendant's interests in the Properties are hereby forfeited to the United States of America for disposition pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(a)(1).

4.	Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States is hereby authorized to seize the Properties and maintain them in its secure custody and control.

5.	Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(b), the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture and notice of the United States' intent to dispose of the Properties.

6.	Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(b), the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Properties to be forfeited.

7.	Pursuant to 21 U.S.C. § 853(n)(2) and (3), as incorporated by 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(b), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Properties, shall, within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Properties; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Properties, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Properties, any additional facts supporting the petitioner's claim, and the relief sought.

8.  Pursuant to 21 U.S.C. § 853(n)(7), as incorporated by 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(b), following the Court's disposition of all petitions filed under 21 U.S.C. § 853(n)(6), or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of such petitions, the United States of America shall have clear title to the Properties.

9.  Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), 18 U.S.C. § 982(b) and Rule 32.2(c) of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

10. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of her sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against her.

Dated: _____

_____
**JULIA E. KOBICK**
United States District Judge